UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at Pikeville)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Criminal Action No. 7: 14-017-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| IDA LEE HUGHES, | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of Defendant Ida Lee Hughes' motion [Record No. 32] to alter or amend the restitution payment schedule. Hughes seeks an order directing the Social Security Administration ("SSA") to continue to pay her usual Supplemental Security Income ("SSI") benefits with only a fifty dollar adjustment for restitution, rather than withholding the full amount of benefits, which are her only source of income. The government objects to the relief requested. [Record No. 34]

Hughes pleaded guilty to theft under 18 U.S.C. § 641 for failing to accurately report her living conditions and expenses to the SSA, resulting in overpayment of $49,215.00 to Hughes and her husband, David Glenn Hughes. [Record Nos. 27, 30] The Judgment held Hughes and her husband jointly and severally liable for full restitution in that amount to the SSA. [Record No. 30] Contrary to Hughes' statement in her motion, the Judgment did not "set" the restitution payments at $50.00 per month, but set the *minimum* payment at $50.00 per month. [Record No. 30, p. 5] In the written Plea Agreement, Hughes agreed that:

-1-

> pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment.

[Record No. 27, ¶11]  The Judgment was consistent with this agreement in that it directed that full restitution was payable in a lump sum of $49,215.00, due immediately, with minimum payments due of $50 per month.  [Record No. 30, p. 5]

The SSA has determined to withhold the entire sum of Hughes' SSI benefits for restitution.  The SSA's adjustment to the receipt of benefits under 20 C.F.R. § 416.570 is typically restricted to the lesser of the "individual's benefit payment for that month" or "an amount equal to 10 percent of the individual's total income . . . for that month," in accordance with 20 C.F.R. § 416.571.  However, this ten percent limit does not apply where, as here, "it is determined that the overpayment occurred because of fraud, willful misrepresentation, or concealment of material information committed by the individual or his or her spouse."  20 C.F.R. § 416.571; *See Martin v. Sullivan*, 976 F.2d 582, 584 (9th Cir. 1992) (internal quotations omitted) (finding that "[t]he goal of meeting the recipients' subsistence needs is tempered by a competing interest in preserving the fiscal solvency of the SSI program by protecting its coffers from dissipation through neglect, abuse and fraud."). In the present case, while the SSA's withholding of the entire amount of Hughes' monthly benefits may seem cruel, it is not inconsistent with the Plea Agreement, Judgment, and legal authority.  Accordingly, it is hereby

**ORDERED** that Defendant Ida Lee Hughes' motion [Record No. 32] to alter or amend the restitution payment schedule is **DENIED**.

This 18th day of May, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge